This is an action for actionable negligence brought by plaintiffs against defendants. The plaintiffs allege damage to their land and crops by defendants negligently flooding certain lands of theirs.
Plaintiffs allege, in part: "That during the month of October, 1936, the locality in which plaintiffs' land and defendants' dam (Lake Lure *Page 287 
Dam) is located was visited by several days of rain, such as a man of ordinary care and prudence could reasonably expect and anticipate in said locality; that said rains caused the waters flowing in the natural channel of said Broad River to become considerably swollen; that during this rainy season defendants, for their own benefit and profit, negligently and unlawfully allowed the water from said rains to gradually accumulate in their pond or reservoir above said dam until the waters therein had risen to the crest of and was flowing over a portion of said dam so that said dam was about to be suddenly swept away. That on the ...... day of October, 1936, the defendants, after negligently and unlawfully allowing said waters to accumulate in said pond or reservoir, as hereinbefore alleged, and in order to protect said dam and power house, did wrongfully, negligently and unlawfully, and in utter disregard of the rights of these plaintiffs and other riparian owners below said dam, and in a negligent manner, open the floodgates of said dam, thereby releasing great volumes of water from their said large lake, adding said great volumes of water to the already swollen condition of the stream below said dam; that the said water, so released, rapidly accelerated the flow of said stream below said dam; and added such large volumes of water thereto as to cause the stream to overflow plaintiffs' land with water and mud and other debris carried therein and greatly damaged said land and destroyed the crops thereon; that the releasing of said water, as hereinbefore alleged, so augmented the flow of the stream as to cause said stream to rush over plaintiffs' lands with such force and velocity as to cover said land and said crops with mud, silt and sands, greatly damaging a portion thereof and absolutely destroying a portion thereof. . . . Such damages were proximately caused by the negligence and wrongful and unlawful conduct of the defendants, as hereinbefore alleged."
All allegations of plaintiffs as to the negligence of defendants were denied by defendants, and the answering defendants further allege that "Any damages sustained at the times referred to in the complaint were caused by the heavy and excessive rains and flood conditions which then occurred in the vicinity of said lands."
From a judgment of nonsuit plaintiffs excepted, assigned error, and appealed to the Supreme Court.
At the close of plaintiffs' evidence the defendants made a motion in the court below for judgment of nonsuit. C. S., 567. The *Page 288 
court below sustained the motion and in this we think there was error. We think the evidence and the reasonable inference to be drawn therefrom sustained the allegations of the complaint and were sufficient to be submitted to a jury. We do not set forth the evidence as the matter is to be heard again. The facts in like cases, and the law arising thereon, have been fully set out in the following cases: Lumber Co. v. Power Co.,206 N.C. 515; Dunlap v. Power Co., 212 N.C. 814; Bruton v. Light Co., ante, 1. In the Bruton case, supra, the facts were not sufficient to be submitted to a jury and a nonsuit was sustained. In the present action the evidence is sufficient to be submitted to a jury.
The judgment of the court below is
Reversed.